Judgment rendered May 21, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,236-CA
No. 56,246-CA
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

FIRST TOWER LOAN, LLC                         Plaintiff-Appellant
D/B/A TOWER LOAN OF
WINNFIELD

versus

ROY COMBS                                     Defendant-Appellee

* * * * *

*consolidated with*

* * * * *

FIRST TOWER LOAN, LLC                         Plaintiff-Appellant
D/B/A TOWER LOAN OF
WINNFIELD

versus

QUINTON EDWARDS, A/K/A                        Defendant-Appellee
QUINTON CORNELL EDWARDS,
A/K/A QUINTON C. EDWARDS

* * * * *

Appealed from the
Eighth Judicial District Court for the
Parish of Winn, Louisiana
Trial Court Nos. 47,276 and 47,549

Honorable Anastasia S. Wiley, Judge

* * * * *

ROGERS, CARTER & PAYNE, LLC                   Counsel for Appellant
By: Jessica L. Greber

QUINTON EDWARDS, A/K/A                        In Proper Person
QUINTON CORNELL EDWARDS,
A/K/A QUINTON C. EDWARDS

* * * * *

Before STONE, MARCOTTE, and ELLENDER, JJ.

**ELLENDER, J.**

In these consolidated cases, First Tower Loan LLC, d/b/a Tower Loan of Winnfield, appeals 15 default judgments in which the district court rendered judgments for amounts different from those alleged in the petitions, verified in the affidavits of correctness, and stated in the proposed judgments. For the reasons expressed, we amend the judgments to conform to the records and, as amended, render. A separate opinion is issued for each borrower.

## PROCEDURAL HISTORY

Quinton Edwards, a/k/a Quinton Cornell Edwards or Quinton C. Edwards, of Dodson, La., took out a loan from Tower Loan on June 16, 2023. The amount financed was $1,099.05, at a stated APR of 44.89%, requiring Edwards to make 18 payments of $85.00, for a total of $1,530.00. His final payment was to be December 16, 2024, but, according to Tower Loan's petition, his last payment was on December 29, 2023, leaving a balance of $1,090.95.

Tower Loan filed this suit on March 15, 2024, seeking the unpaid balance of $1,090.95, together with contractual interest of 35.99% per annum for one year beginning February 8, 2024, and 18% thereafter. The petition also prayed for late charges, court costs, collection costs, contractual attorney fees, and a recognition of the security interest in the movables described in the loan agreement.

Edwards filed no responsive pleading, so Tower Loan moved for default judgment. It attached an affidavit of correctness executed by Tavarius Wilson, an officer of the company, verifying that the balance due

was $1,090.95 and that the interest rate, under the loan agreement, was 35.99% per annum for one year beginning February 8, 2024, and 18% thereafter until paid in full. Tower Loan also provided a proposed judgment stating this balance due, interest rate, and other matters not germane to this appeal.

The district court rendered judgment as prayed for, by judgment date-stamped June 6, 2024. However, on July 15, 2024, the only minute entry in the record, the court "reviewed judgment and amended interest amount." In the transcript, the court noted personal service on the defendant and added, "Okay, I'm returning the same to the Clerk." The court drew a line through the interest provision, handwriting over it, "legal" interest.

Tower Loan has appealed, raising four assignments of error. Edwards has not filed a brief.

**DISCUSSION**

***Compliance with Art. 1702***

By its first assignment of error, Tower Loan urges the court erred in failing to accept Tower Loan's affidavit of correctness, submitted in support of the proposed judgment, as prima facie proof of the indebtedness owed under the terms of the promissory note, as required by La. C.C.P. art. 1702(B)(3). By its second assignment, Tower Loan urges the court erred in failing either to sign the proposed judgment or direct that a hearing be held, as required by La. C.C.P. art. 1702(C).

For the reasons expressed in *First Tower Loan v. Combs*, 45,236 (La. App. 2 Cir. 5/21/25), rendered this day, these assignments have merit. The district court lacked authority to disregard the affidavit of correctness and erred in not signing the proposed judgment.

2

*Award of Interest*

By its third assignment of error, Tower Loan urges the court erred in failing to award interest as prayed for and as mandated by La. C.C. art. 1921. By its fourth assignment, Tower Loan urges the court erred in reducing interest in the judgment to "legal interest" from the amount stated in the loan agreement, contrary to La. R.S. 9:3519 and 9:3522. For the reasons expressed in *First Tower Loan v. Combs*, *supra*, these assignments have merit.

The loan agreement states that the amount financed was $1,099.95. Under La. R.S. 9:3519, Tower Loan could charge 36% on this entire balance, as it does not exceed $1,400. The affidavit of correctness states that this rate, properly apportioned, yields a contractual rate of 35.99%. Moreover, Edwards's loan was accelerated on February 8, 2024; hence, after February 8, 2025, the interest cannot exceed 18%. The amount prayed for in the petition, and stated in the proposed judgment, complies with the applicable laws.

The district court lacked authority to award interest different from that stated in the loan agreement, the petition, and the affidavit. The judgment will be amended to provide the contractual and legal rate.

## CONCLUSION

For the reasons expressed, the principal and interest stated in the judgment are amended as follows:

> **IT IS ORDERED, ADJUDGED, AND DECREED** that there be judgment herein in favor of the plaintiff, FIRST TOWER LOAN, LLC, d/b/a TOWER LOAN OF WINNFIELD, and against the defendant, QUINTON EDWARDS, a/k/a QUINTON CORNELL EDWARDS, a/k/a QUINTON C. EDWARDS (SSN XXX-XX-9259), in the amount of $1,090.95, together with interest thereon at the rate

3

of 35.99% per annum for one year beginning February 8, 2024, and 18% thereafter, until paid.

In all other respects, the judgment is affirmed. All costs are to be paid by the borrower, Quinton Edwards, a/k/a Quinton Cornell Edwards or Quinton C. Edwards.

**AMENDED, AFFIRMED AS AMENDED, AND RENDERED**.